UNITED STATES DISTRICT COURT
IN THE
SOUTHERN DISTRICT OF GEORGIA

ROGERIO CHAVES SCOTTON,
    PLAINTIFF,

CASE NO: 5:17-cv-114

v.

FEDERICO A. MORENO,
    DEFENDANT,
_____/

### CIVIL COMPLAINT PURSUANT TO 42 U.S.C. § 1983, REQUEST FOR A JURY TRIAL, DAMAGES AND INJUNCTIVE RELIEF

Comes now, Rogerio Chaves Scotton, ("Plaintiff"), by and through pro se, respectfully moves this Honorable Court with this civil complaint pursuant to 42 U.S.C. § 1983, and to request a jury trial, damages and injunctive relief against Federico A. Moreno ("Defendant"), for violating the Plaintiff's constitutional rights, due process rights and for obstructing justice. In support of his civil complaint, the Plaintiff states as follows:

### INTRODUCTION

On March 8, 2012 an indictment was lodged against Plaintiff Rogerio Chaves Scotton, a Boca Raton businessman and professional international

(1)

race car driver, charging him with the alleged offense of mail fraud pursuant to 18 U.S.C. § 1341.

On July 18, 2013, Mr. Scotton was charged by a second superseding indictment with twenty seven counts of mail fraud pursuant to 18 U.S.C. § 1341 and two counts of making false statements to a government agency pursuant to 18 U.S.C. § 1001(c)(2). See, D.E.94.

On January 26, 2014 trial began. Despite numerous times Mr. Scotton requested lawyer representation, he was denied, after one public defendant and two court-appointed attorneys along with eleven changes composed of two district court judges and nine magistrate judges.

In February 2014, Mr. Scotton was convicted as charged after trial on a second superseding indictment, and solely based on manufactured, unverified and unaudited spreadsheets accompanied by false and contradictory testimony.

The Plaintiff, appealed his conviction. The Appeals Court for the Eleventh Circuit affirmed on April 12, 2016, after an unprecedented seven (7) extensions requested solely by the Court appointed attorney without informing the Plaintiff. On November 14, 2016 the, Plaintiff filed his writ of certiorari which the Supreme Court denied on December 12, 2016.

The Defendant, Federico A. Moreno was assigned as the presiding Judge on July 7, 2014. Since he was assigned, Plaintiff has filed numerous motions to attack his conviction under different provisions. However, every single motion filed to the Southern District Court for the Defendant's review was denied without stating a reason, did not identify material disputed facts and give no hint of its conclusions of law.

On July 7, 2017, the Plaintiff filed a motion to the Southern District of Florida pursuant to § 455 requesting the recusal of the Defendant for

(2)

good cause. So far there has been no response given by the court. See, UNITED STATES v. SCOTTON, case no, 1260049.

## I. JURISDICTION

This Court has jurisdiction over this complaint because (1) the Defendant deprived the Plaintiff of a right secured under the Constitution and Federal laws, (2) that such deprivation occurred under color of Federal law. See, BINGHAM v. THOMAS, 654 F.3d 1171, 1175, (11th cir. 2001)(quoting ARRINGTON v. CABB COUNTY, 139 F.3d 865, 872 (11th cir. 1998), and (3) and the Plaintiff is a Georgia resident, has filed this lawsuit against the Defendant, a Florida resident. See, MACGINNITIE v. HABBS GROUP, LLC, 420 F.3d 1234, 1239 (11th cir. 2005).

## II. CIVIL COMPLAINT

For his complaint against Federico A. Moreno, ("DEFENDANT"), Rogerio Chaves scotton ("PLAINTIFF") states as follows:

1) At all times material hereto,, the Plaintiff Rogerio Chaves Scotton was a Georgia resident.

2) At all times material hereto, the Defendant Federico A. Moreno was a Florida resident.

(3)

3) At all times material hereto, The Defendant Federico A. Moreno was a Federal Judge on the Southern District of Florida.

4) At all time material here to, the defendant Federico A. Moreno has prevented the Plaintiff from exercising his substantial rights and consequently violated the Plaintiff's constitutional rights as well his due process rights as set below.

5) The venue is proper in this judicial District and Circuit because (a) the Defendant's conduct described here in was entered into there and/or, (b) the tortions conduct described occurred and caused serious losses, prejudicial damages, unlawful prison time, and damages there and/or (c) the defendant agrees to be subject to this lawsuit therein.

### III. ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

6) On July 7, 2014, the defendant Federico A. Moreno was assigned to the Plaintiff's criminal case as the presiding Judge.

7) The Defendant's conduct was married by numerous acts of breach of duty, obstruction of substantive due process, obstruction of procedural due process, erroneous judgment, actual bias and judicial bias, and obstruction of justice.

### A. BREACH OF DUTY

The defendant violated the Plaintiff's constitutional rights when he failed to act as the law obligates when ruling on a motion. The numerous defendant's motion denials stated no reason, did not identify material disputed facts, and gave no hint of its conclusion of law. Had the defendant put aside his alleged bias toward the Plaintiff, it is reasonably possibility that the Plaintiff would receive relief toward his criminal conviction and would regain his freedom. This breach of duty then entitles the Plaintiff to relief and injunction to avoid irreparable injury.

### B. OBSTRUCTION OF SUBSTANTIVE DUE PROCESS

The Defendant violated the Plaintiff's 5th amendment right because the due process requires the legislation to be fair and reasonable in content and to further a legitimate governmental objective. Not one motion filed by the Plaintiff toward his criminal case was given a due process, meaning, allowed the other party to respond and the plaintiff to object before the Defendant denial ruling.

An injunction is required in this case in way that all the Defendant's order denials be reversed, the motions filed by the Plaintiff be reviewed by an unbiased Judge and given the proper ruling required by law.

### C. OBSTRUCTION TO PROCEDURAL DUE PROCESS

The Defendant's order denials give no explanation of relevant laws or facts. The denials merely recite no genuine issue of material facts remaining. This Conduct by the defendant has violated the Plaintiff's 5th and 6th amendment rights where the Plaintiff was deprived of his liberty.

### D. ERRONEOUS JUDGMENT

The Defendant refused and failed to correct the recharacterization of the plaintiff's motion to request a new trial which was done without the required protocol. On two occasions, the Plaintiff requested the Defendant to correct the erroneous error in recharacterization of his motion without any warning or required protocol under law.

The Defendant has abused his discretion by not applying the correct legal standard and law in a proper manner. The Plaintiff's constitutional rights to a fair judicial process was violated.

The Plaintiff requested based on newly discovered evidence, an evidentiary hearing in his criminal case as an injunction to avoid unnecessary incarceration time because a miscarriage of justice had occurred.

### E. ACTUAL BIAS AND JUDICIAL BIAS

The Defendant has acted outside the functioning of the court system and has seriously prejudiced the Plaintiff who continues to suffer wrongful incarceration. Substantial questions of law, errors and evidence was presented to the Defendant for proper review and ruling under the law. The amount of denied orders made by the Defendant was opaque and unilluminating as to relevant facts and law.

(6)

E. **OBSTRUCTION OF JUSTICE**

The Defendant has interfered with the orderly administration of law and justice by not incorporating any argument to serve as explanation for his ruling on any motion filed by the plaintiff.

The Plaintiff contends that the Defendant denied him due process rights to access his criminal record which is public record. He denied the Plaintiff every attempt to appeal his denial decision.

The Plaintiff was precluded by the defendant to pursue any remedy opportunity or defense. Obstruction of justice is a crime in must jurisdiction.

This unlawful conduct committed by the Defendant has caused inrreparavel injury to the plaintiff which requires an injunction for relief. THe conduct which complained has deprived the Plaintiff of rights and privileges secured by the constitution. AMERICAN MANUFACTURES MUTUAL INS. CO. v. SULLIVAN, 526 U.S. 40, 119 S. Ct. 977, 985, 143 L. Ed. 2d 130 (1999); PARRATT V. TAYLOR, 451 U.S. 527, 101 S. Ct. 1908, 68 L. Ed. 2d 420 (1981); WILLIS v. UNIVERSITY HEALTH SERV"S INC., 993 F.2d 837, 840 (11th cir. 1993).

IV. **FIRST CAUSE OF ACTION**

(VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS)

8) Paragraph 1-7 are incorporated hereing by reference as through fully set forth at lengh.

9) Plaintiff contends that the record of his criminal case shows that (1) the defendant's conduct deprived him of a right secured by the constitution or law of the United States, and (2) the deprivation was committed under the color of federal law. See 42 U.S.C. § 1893. See also POLK COUNTY

(7)

<u>v. DODSON, 454, U.S 312, 102 S. Ct. 445 70 L. ed 2d 509 (1981); WEST v. ATKINS, 487 U.S. 42, 48, 1085 S. Ct. 2250, 101 L. ed 2d 40 (1988); BUTZ v. ECONOMOU, 438 U.S. 478, 498-99 S. Ct. 2984, 57 L. Ed. 2d 895 (1978) (analongizing BIVENS claims to claim's under section 1983).</u>

The Plaintiff complaining that the defendants breach of duty is well established because these numerous motion denials failed to act as the law obligates. Those denials stated no reason and have no conclusion of law. The Plaintiff was consequently denied due process rights and opportunity to defend. <u>ZATLER v. WAINW-RIGHT, 802 F.2d 397, 401 (11th cir.1983)</u>.

10) The defendant's numerous denials to the Plaintiff's motions in his criminal case is not a judicial matter normally perform by a judge. There is clear abuse of discretion and apparent judicial bias toward the Plaintiff. Therefore, the Defendant here should not be entitled to immunity because he has failed to comply with due process. <u>STUMP v. SPARKMAN, 435 U.S. 349, 98 S. Ct. 1099 (1978)</u>. The immunity is overcome here because the Southern District of Florida have taken nonjudicial actions and the judicial actions taken toward the Plaintiff's claims were in the complete absence of all jurisdiction.

Therefore, the declaratory relief against the Defendant for action taken within his judicial capacity is ordinarily available by reverse of all his order denials.

12) The Defendant has performed the acts in question which the Plaintiff complaint here in this lawsuit in his judicial capacity, and those performed denials by the Defendant are not the normally performance by a judicial

office. Thus, the Defendant conduct is not immune and the Plaintiff is entitle to a relief. The Defendant's order denials including denial of trial records material from his criminal case. The Denial didn't provide any explanation and falls clearly outside his subject matter jurisdiction. Therefore, the Defendant chose to obstructed the justice and such conduct has seriously deprive the Plaintiff his liberty and consequently violated his constitutional rights and due process rights.

## V. SECOND CAUSE OF ACTION
### (OBSTRUCTION OF JUSTICE)

13) Paragraph 1-7 are incorporated herein as though full set forth at lengh.

14) The defendant has interfered with the orderly administration of law and justice by denying the Petitioner to defend himself by obtaining public records, proper review of exculpatory evidence and mislabel or recharacterized plaintiff's pleading without the mandatory required protocol or properly applying the established laws.

The plaintiff's claims is not a defamation action, but involved seemingly judicial bias and obstruction of the administrative judicial system which was cognizable under § 1983.

As result of the Defendant foregoing actions, the Plaintiff alleges that he was deprive of due process and equal protection of law under the 5th and 6th amendment. Therefore, the Plaintiff request a injunction relief as a compensatory damages to have all the Defendant decision toward the Plaintiff criminal case reverse and properly review by a unbiased Judge

and be release pending the resolution of those appeals because a miscarriage of justice has occurred.

Pursuant to PAUL v. DAVIS, Suppra, the Plaintiff sufficiently has shows that the Defendant has deprive him from his liberty interest where the defendant refuse to properly review exculpatory evidence filed by the Plaintiff that could very well vacate the conviction and consequently set his criminal case for a new trial or even a dismissal of the case.

## VI. WHEREFORE, PLAINTIFF PRAY FOR JUDGMENT AS FOLLOWS:
(WHERE SPECIFIED THE PRAYER IS AS TO ACTION)

### 15) PUNITIVE DAMAGE

The Defendant conduct was reckless, negligent and not prescribed in the matter of the laws. The Plaintiff request to be release pending review of all the Defendant's order denial and upon established that fraud upon court have occurred, the plaintiff criminal case should be dismissed.

### 16) EXCESSIVE DAMAGE

The Plaintiff was submitted to a unreasonable punishment pursuant § 3553(a) by the gravity of the allegedly offense. Such punishment is not justified and is grossly especial when the government has offered the Plaintiff in 4 occasion with a plea agreement caring time served. The Defendant refuse to properly review those issues which was presented in numerous motions. The Plaintiff request as excessive damage for his criminal sentence be vacated.

17) **PERMANENT AND CONTINUE DAMAGE**

The Defendant negligence acts has permanent damage the Plaintiff and is continue to damage the Plaintiff. The Plaintiff has served and continue to serve prison time where substantial evidence and facts proves his innocence

The Plaintiff has lost his contract to run in NASCAR Series, and this allegedly prosecution will impact forever the Plaintiff, his family and his racer car career. Therefore, the Plaintiff ask for pemanent and continue damages in the total amount of $2,582,935.60.

18) **DISCRETIONARY DAMAGE**

The Defendant negligence, obstruction of justice and bias has cause and continue to cause to the Plaintiff mental anguish, pain and suffering. Therefore, the Plaintiff request a discretionary damage relief from the Court or from the jury, in any case a trial will take place and the Defendant is found guilty by a jury.

**CONCLUSION**

Therefore, the Plaintiff is hereby and respectfully to request a order to the Defendant to respond to this lawsuit without any delay in the interest of justice. This Court than, should review these issues and make a proper determination to resolve the issue at bar or grant a jury trial.

Respectfully Submitted,

ROGERIO CHAVES SCOTTON
REG NO: 99370-004
D. RAY JAMES C.F.
P.O. BOX 2000
FOLKSTON GA 31537

## PROOF OF SERVICE

I Rogerio Chaves Scotton, do certify that this August 29, 2017, I have served the attached lawsuit on the Southern District of Georgia in the above proceeding. I have served this lawsuit via, United States Postal Service (USPS) Certified Mail through, D. Ray James C.F. legal mail.

ROGERIO CHAVES SCOTTON
REG NO: 99370-004
D. RAY JAMES C.F.
P.O. BOX 2000
FOLKSTON GA 31537

(12)